| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------x<br>In re<br><br>PAUL R. KOCH<br>*aka* Paul Koch<br><br>                    Debtor<br>-------------------------------------------------------x | *NOT FOR PUBLICATION*<br><br><br><br>Chapter 13<br>Case No. 23-22321 (CGM) |

## MEMORANDUM DECISION GRANTING IN REM RELEIF FROM THE AUTOMATIC STAY

**A P P E A R A N C E S:**

*Debtor, pro se,*
Paul R. Koch

*For the Movant, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of WAMU Mortgage Pass-Through Certificates, Series 2005-AR11*,
McCalla Raymer Leibert Pierce, LLC
420 Lexington Avenue, Suite 840
New York, NY 10170
By:  Phillip A. Raymond, Esq.


**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the motion of the secured creditor, Deutsche Bank National Trust Company, as trustee, on behalf of the holders of WAMU Mortgage Pass-Through Certificates, Series 2005-AR11, ("Creditor" or "Deutsche Bank") for entry of an order granting in rem relief from the automatic stay pursuant to 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(4) so that it may exercise all rights and remedies available to it under applicable law with respect to the real property at 2 Random Road, Greenwich, CT 06870 (the "Property"). For the reasons set forth below, the motion is granted.

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

**Background**

The debtor, Paul Koch, ("Debtor") filed a voluntary petition, pro se, on May 2, 2023. (Vol. Pet., ECF[1] No. 1). Debtors filed their Chapter 13 plan on February 2, 2023. (Plan, ECF No. 15). The Debtor has previously filed two other cases in this district. (*See* Case Nos. 18-23246-shl, 20-10104-cgm).

On May 3, 2023, the Court granted the Debtor's motion to extend time for credit counseling and denied the Debtor's application to pay filing fees in installments. (Orders, ECF Nos. 8–9). The Debtor filed an application to extend the time to file schedules on May 16, 2023, and subsequently filed two amended applications for the same. (Application, ECF No. 15); (Am. Application, ECF Nos. 16–17).

On May 22, 2023, Deutsche Bank filed a motion seeking in rem relief from the automatic stay to exercise its rights in the Property at 2 Random Road, Greenwich, Connecticut. (Mot., ECF No. 21). Deutsche Bank is the holder of a note and mortgage on the property, executed by Victoria Koch. (Mem. L. ¶ 4, ECF No. 21). The Mortgage was assigned to the Creditor on June 15, 2009. (*Id.* ¶ 5).

Following default of the co-debtor, the Superior Court of the Judicial District of Stamford entered a final judgment of foreclosure in favor of the Creditor on July 12,

---

[1] Unless otherwise noted, all references to "ECF" are references to this Court's electronic docket in case number 23-22321-cgm.

2018. (*Id.* ¶ 6). On April 23, 2023, the Debtor was served a motion for Immediate Access to the Property to Remedy Blight. (*Id.* ¶ 9). On May 2, 2023, the Housing Session of the Superior Court entered an order to Abate/Cure Blighted Condition of the Property. (*Id.*). The Debtor filed for relief in this Court later that day.

Deutsche Bank requested that this Court hear the lift stay motion on shortened time, and this Court granted that request on May 31, 2023. (Order, ECF No. 23). The Debtor filed opposition on June 5, 2023. (Objection, ECF No. 30). The Court held a hearing on this matter on June 6, 2023.

## Discussion

Under § 362(d)(1),

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>  (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

A request to lift the automatic stay must be made by "a party in interest." *See In re Lippold*, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). In order to "invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing *In re Comcoach*, 698 F.2d 571, 573 (2d Cir. 1983)). Section 101(10) of the Bankruptcy Code defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). A "claim" is, in turn, defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). Courts in this jurisdiction have stated that a party can demonstrate a right to payment by showing that it

holds the ability to seek the state law remedy of foreclosure. *See Mims*, 438 B.R. at 56 (citing *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)); *see also Escobar*, 457 B.R. at 239 ("[T]he evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.").

Deutsche Bank has provided evidence that it is the holder of the note and assignee of the mortgage. (Mot. Ex. A, ECF No. 21). Deutsche Bank has also provided a copy of a state court judgment of foreclosure in its favor. (*Id.* Ex. B). Deutsche Bank is a party in interest who may move for relief. *See In re Sterling*, 543 B.R. 385, 391 (Bankr. S.D.N.Y. 2015) (holder of note or mortgage is a party in interest).

Deutsche Bank argues that there exists cause to lift the stay as the time limit for redemption in the judgment of foreclosure has passed, title to the Property has become absolute in the Creditor, and fines are collecting on the property.

The moving party has the initial burden of establishing "cause" for listing the automatic stay. *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999). The existence of cause "should be determined on a case by case basis." *Manhattan King David Rest. Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y. 1993) (citing *Sonnax Indus., Inc. v. TRI Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990)). Once the moving party establishes a prima facie case of cause to lift the stay, the burden shifts to

the debtor. *Id.* (citation omitted). Section 362(g) places the burden of proof on the debtor for all issues other than "the debtor's equity in property." 11 U.S.C. § 362(g)(1).

It is well settled that the "continued failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay" where "the failure to make monthly payments corresponds with a nonexistent equity cushion." *In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 749 (Bankr. S.D.N.Y. 2004) (quoting *Equitable Life Assurance Society of the United States v. James River Assocs. (In re James River Assocs.)*, 148 B.R. 790, 797 (E.D. Va. 1992)).

The Creditor has supplied evidence that the Debtor lacked equity in the Property even before the foreclosure action. (*See* Mot. Ex. A, ECF No. 21). The Debtor has not made any payments under the loan documents, while collecting large fines on the Property and putting the Property at risk of fire. (*See Id.* Ex F). Debtor has not rebutted any of these facts. The Creditor has met its burden under § 362(d)(1).

Under § 362(d)(4), the Court shall grant relief from the stay,

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property.

The Debtor filed this case on the heels of state action to take possession of the Property. The evidence demonstrates that the Debtor is not prosecuting this case and has not successfully prosecuted any of its previous filings. On those facts, there are ample grounds for granting the Movant relief under section 362(d)(4). *See In re McKenzie*, 2019 Bankr. LEXIS 906, 2019 WL 1750910, at *4 (in rem relief warranted where debtor filed four bankruptcies, three of which were "strategically timed days before the foreclosure sale of the [p]roperty."); *In re O'Farrill*, 569 B.R. at 592 (in rem relief

warranted where debtor had "two prior bankruptcy filings pending within the preceding year, both of which involved the subject [p]roperty, and both of which were dismissed due to the [d]ebtor's failure to attend creditor meetings and/or file the requisite schedules."); *In re Richmond*, 516 B.R. at 234 (filings of debtor's case and that of company of which debtor was sole shareholder were timed to stop foreclosure sale, and therefore court determined that debtor's case was part of a scheme to delay, hinder, or defraud creditors); *In re GEL, LLC*, 495 B.R. 240, 249 (Bankr. E.D.N.Y. 2012) (relief under section 362(d)(4)(B) appropriate where debtors filed successive chapter 11 petitions in two judicial districts, which prevented creditor from executing foreclosure judgment, no plan had been filed, and no plan could be confirmed as a matter of law).

Creditor requests waiver of the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3).  That rule enables a debtor, or other party who opposes relief from the stay pending appeal of an adverse ruling. "[W]ithout a stay pending appeal, appeals from such orders can often become moot if the party granted relief proceeds with a sale or some other action that cannot be easily undone." *In re A Partners, LLC*, 344 B.R. 114, 128 (Bankr. E.D. Cal. 2006) (quoting 9 Collier on Bankruptcy, (15th Ed. Revised), ¶ 4001.04A).   The court may, in its discretion, order that Rule 4001(a)(3) is not applicable so that the prevailing party may immediately enforce and implement the order granting relief from the automatic stay.  *See* Fed. R. Bankr. P., committee notes on rules—1999 amendment.

At the June 6, 2023, hearing, the Creditor reiterated the danger to the Property and to surrounding properties due to the current conditions of the property.  Due to the

present hazardous conditions shown by the Creditor, the Court will waive the stay under Rule 4001(a)(3).

## Conclusion

The Motion for relief from the automatic stay is granted. Pursuant to section 362(d)(4), the Court grants the moving Creditor in rem relief permitting it to pursue its rights in the Property despite any further bankruptcy filings for two years, assuming that Creditor acts in compliance with any applicable state law. The Creditor shall submit an order within fourteen days of the issuance of this decision, directly to chambers (via E-Orders), upon not less than two days' notice to all parties, as required by Local Bankruptcy Rule 9074-1(a).



**Dated: June 6, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge